

# NUMBER 13-25-00445-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JARVIS LAMAR BOOKER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## ON APPEAL FROM THE 25TH DISTRICT COURT
## OF LAVACA COUNTY, TEXAS

## CONCURRING MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Peña and West
### Concurring Memorandum Opinion by Justice West

I agree with the majority and write separately to further address the issues raised by appellant.

Appellant first argues that Section 547.613(a)(1) does not proscribe objects that hang from the rearview mirror. *See* TEX. TRANSP. CODE § 547.613(a)(1). Appellant asserts that the air freshener was not directly attached to the windshield because it was hung from the rearview mirror. Relevant here, the statute proscribes any "object or material that

is placed on or attached to the windshield." *Id.* Neither the parties nor this court have found any cases interpreting whether "placed on or attached" requires direct placement or attachment or includes indirect placement or attachment. Courts construe the Transportation Code as follows: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. . . . [unless they] have acquired a technical or particular meaning . . . ." TEX. GOV'T CODE § 311.011; TEX. TRANSP. CODE § 1.002 (providing the Transportation Code is construed in accordance with the provisions of Chapter 311 of the Government Code); *see also Douglass v. State*, No. 03-20-00134-CR, 2022 WL 548275, at *4 (Tex. App.—Austin Feb. 24, 2022, no pet.) (mem. op., not designated for publication). "Attached" is defined as "joined, connected, or bound." *Attached*, Collins English Dictionary, https://www.collinsdictionary.com/us/dictionary/english/attached (last visited May 21, 2026). Notably, there is no language in the statute limiting its application to objects or materials that are *directly* "joined, connected, or bound" to the windshield. Accordingly, the Legislature appears to have proscribed all objects or material that are joined, connected, or bound to the windshield—both directly and indirectly. And while the statute expressly provides an exemption permitting "**a** rearview mirror," the "a" indicates an exemption for a singular object. *See* TEX. TRANSP. CODE § 547.613(b)(4) (emphasis added). The statute does not exempt "a rearview mirror **[and things hanging therefrom]**." *See id.* Additionally, interpreting the statute to allow objects to "obstruct[] or reduce[] the operator's clear view" as long as they are not directly attached to the windshield would be illogical and contrary to the purpose of the prohibition.

Regardless of the proper interpretation of Section 547.613(a)(1), the inquiry determining the outcome in this case is not how we should construe the statute. Rather,

2

the inquiry is whether Officer Simpkins's understanding of Section 547.613(a)(1) was an objectively reasonable understanding of the statute. *See Heien v. North Carolina*, 574 U.S. 54, 66, 68 (2014); *Daniel v. State*, 683 S.W.3d 777, 781 (Tex. Crim. App. 2024). Reasonable suspicion is supported even where an officer operates under an objectively reasonable mistake of law. *Heien*, 574 U.S. at 61. The United States Supreme Court held that where a North Carolina statute required only one rear stop light, a nearby provision created confusion by "requir[ing] that 'all originally equipped rear lamps' be functional," and because no North Carolina Court previously construed the provision, an officer had reasonable suspicion to believe that one faulty break light was a violation of state law. *Id.* at 59, 68. Accordingly, evidence of cocaine emanating from the stop was not suppressed. *Id.* at 60, 68.

Similarly, in *Daniel v. State*, Daniel sought to suppress evidence of intoxication after a traffic stop. 683 S.W.3d at 778. An officer stopped Daniel for violating Section 545.060(a) of the Transportation Code which provides: "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." *Id.* at 779 (quoting TEX. TRANSP. CODE § 545.060). At the time of the stop, Texas Courts of Appeal issued conflicting decisions as to whether the statute involved a single offense or the two subsections defined separate offenses, and an opinion joined by four judges of Court of Criminal Appeals provided the statute defined two separately actionable offenses. *Daniel*, 683 S.W.3d at 779–80; *see Leming v. State*, 493 S.W.3d 552, 559 (Tex. Crim. App. 2016). The officer stopped Daniel in 2017 only for violation of subsection one. *Daniel*, 683 S.W.3d at 778. It was not until 2022 that the Court of Criminal Appeals settled the matter by holding the statute defined only a single offense.

3

*Id.* at 780–81; *see State v. Hardin*, 664 S.W.3d 867, 876 (Tex. Crim. App. 2022). Accordingly, the officer in *Daniel* had reasonable suspicion to stop Daniel because his mistake of law was "entirely reasonable in view of the nuanced statutory language and conflicting caselaw from [the Court of Criminal Appeals] and the intermediate courts of appeal." 683 S.W.3d at 783.

Given the foregoing law, Officer Simpkins's understanding that the statute proscribed items attached to the windshield indirectly was objectively reasonable in light of the statutory text and lack of cases interpreting the statute.

Second, appellant appears to suggest that an air freshener could not have "obstructed the driver's clear view." Such an argument is premised on a mischaracterization of the statute at issue. The statute proscribes any "object or material that is placed on or attached to the windshield . . . and that obstructs *or reduces the operator's clear view*." TEX. TRANSP. CODE § 547.613(a)(1) (emphasis added). The statute does not specify a degree of visibility reduction required for a violation to occur. This is a proactive statute that is intended to prevent hazardous driving conditions or habits on public roads. While obstruction of view caused by an air freshener may appear de minimis, obstructed views create a hazard relative to the degree view is reduced. Much like posted speed limits, the danger presented increases commensurate with the degree of violation. Nevertheless, a traffic stop based on excessive speed constitutes reasonable suspicion, regardless of whether the violation is for one mile or thirty miles per hour over the posted speed limit. *See id.* § 545.352(a) (providing that "[a] speed in excess of the limits established . . . is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful").

Third, appellant relied on *Ford v. State* to assert that Officer Simpkins merely provided conclusory statements that appellant violated Section 547.613(a)(1). *See* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). However, in *Ford*, an officer's statements were conclusory where he stated that he pulled Ford over for "following too close." *See id.*; TEX. TRANSP. CODE § 545.062(a) (statute governing following distance). Ford should have provided facts (such the distance between vehicles, speed, and highway conditions) supporting how he arrived at the conclusion that a "following too close" violation occurred. *See* TEX. TRANSP. CODE § 545.062(a). Otherwise, an officer would only have to say he thought a legal violation occurred, and there would be no means by which a court could determine whether such thought was based on reasonable suspicion or not. *See Ford*, 158 S.W.3d at 493. *Ford* has no application to the present case. Here, Officer Simpkins did not merely say he pulled appellant over for an obstruction or reduction in the operator's clear view. *See* TEX. TRANSP. CODE § 547.613(a)(1). He provided specific facts: he observed an air freshener swinging from side to side during dusky conditions while appellant was driving well below the posted speed limit. Given the statute's language and the context of Officer Simpkins's observances, I agree with the majority that an officer could have had a reasonable suspicion that the air freshener reduced appellant's clear view under § 547.613(a)(1).

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of June, 2026.

5